SHATTUCK *v.* THE WILTON RAILROAD.

On an appeal from the report of railroad commissioners, awarding damages to a land owner, if the railroad have given security under the statute for the damages that may be adjudged on appeal, interest should be added to the whole amount of damage sustained by the land owner; but when the sum awarded by the commissioners has been paid into the treasury, and the ver-

dict on appeal exceeds the award, interest should be given on the excess of the damage found by the jury, above the award, but not on the amount of the award.

APPEAL from the report of commissioners, awarding damages to the appellant for the laying out of the appellees' road over his land. The report was made April 24, 1847. The appeal was tried by the jury, who returned a verdict for increased damages. The court instructed the jury not to allow interest as part of the damages. The appellant moved to add interest to the amount found by the jury. The appellees consented that interest might be added on the excess of the verdict above the award of the commissioners, but resisted the motion so far as it related to the claim of interest on the amount of the award.

*G. W. Morrison,* for the appellant.

*C. G. Atherton* and *Gove,* for the appellees.

PERLEY, J. The act of December 25, 1844, requires that railroads, before taking a lease from the State should pay into the treasury a sum equal to the whole amount of damages assessed by the commissioners, for the land, over which the road passes ; and by the same act, no railroad can enter on land appraised for the road, until the damages assessed have been tendered to the owner by the commissioners.

The act of July 3, 1845, provides that in case of appeal, the railroad may enter on the land, by giving or tendering to the land owner security to the satisfaction of the road commissioners for the county, that they will pay such damages and costs as may be adjudged against them on appeal.

When the sum awarded is paid into the treasury and tendered by the commissioners to the land owner, he may receive the money without prejudice to his right of appeal for an increase of damages; and we can discover no principle, on which the railroad can be charged with interest on money which they have paid into the treasury, under the law, to satisfy the damages

awarded. By the theory of the statute, it is the State that takes the right, and then assigns it by lease to the road. The State, and not the road, pays the damages to the land owner; the road does not owe the damages awarded to the land owner; and it has accordingly been decided that a railroad cannot be charged as trustee of the land owner, for money thus paid into the treasury; the money is in the hands of the State treasurer, for the use of the land owner.

But where the railroad elects to give security under the act of 1845, instead of paying the money into the treasury, the land owner who appeals, cannot take the damages awarded, till the determination of the appeal; and as part of the damages adjudged to him, on appeal, he clearly ought to have interest on the same, which has been detained from him on giving the security.

In this case, if security had been given to the appellant, it would have been for him to shew it, as part of his claim for damages to be adjudged on his appeal. We must, therefore, take it for the fact that the money was paid into the treasury, and might have been taken by the appellant.

Interest must be added to the verdict on the excess above the award, but not on the amount of the award.